## El Pueblo v. Santos.

### Apelación procedente de la Corte de Distrito de

### Aguadilla.

No. 22.   Resuelto en Abril 28, 1905.

Pruebas.—Suspensión del juicio por la no comparecencia de los testigos.—Si un testigo debidamente citado para un juicio no compareciere, y se solicitare la suspensión del mismo hasta que pueda obtenerse la comparecencia de dicho testigo, el Tribunal tiene facultad discrecional para conceder ó denegar la moción, y su resolución no será revocada en la apelación á no ser que se probare que había incurrido en un abuso de discreción.

Id.—Seducción.—No comete error el Tribunal que deniega la admisión de un informe emitido por el médico que examinara á una mujer seducida bajo promesa de matrimonio, y presentado como prueba en el juicio por no haber comparecido como testigo, el referido médico, á pesar de haber sido citado para dicho juicio.

Id.—Apelación.—El Tribunal Supremo no puede considerar en una apelación ningún documento que no hubiere sido presentado, y hecho parte de los autos, ante la Corte inferior.

Seducción.—Acusación.—Fecha de la comisión del delito.—Prescripción.—La circunstancia de haberse probado en el juicio que el delito se cometió en una fecha distinta de la expresada en la acusación, no envuelve importancia alguna, pues no es necesario expresar en la acusación la fecha en que se cometiera el delito, siendo suficiente probar que fué cometido con anterioridad á la presentación de la acusación, y que ésta se presentó dentro de los tres años después de la comisión del delito, á fin de evitar los efectos de la prescripción.

Id.—Fallo.—Si en el fallo dictado en una causa criminal se declarase al acusado culpable del delito que se le imputaba en la acusación, se entenderá tal pronunciamiento en el sentido de que todas las alegaciones esenciales contenidas en la acusación han sido probadas á satisfacción del Tribunal, por la prueba practicada en el juicio.

Id.—Requisitos esenciales.—Si una acusación contuviere los requisitos esenciales que determina el art. 82 del Código de Enjuiciamiento Criminal, es suficiente para justificar el juicio seguido al acusado y la declaración de su culpabilidad.

Seducción.—Corroboración del testimonio de la denunciante.—En los casos de seducción bajo promesa de matrimonio, perseguidos de acuerdo con el art. 261 del Código Penal, el acusado puede ser condenado por el solo testimonio de la mujer agraviada, sin que sea necesario que esté corroborado por ningú-

na otra prueba, pues tal corroboración se hace necesaria solamente con respecto á los delitos previstos en el art. 260 del mismo Código.

Nuevo juicio.—Las mociones en que se interese la celebración de un nuevo juicio de acuerdo con las disposiciones del Capítulo VII del Código de Enjuiciamiento Criminal, deben presentarse á la Corte de Distrito, y no al Tribunal Supremo que carece de facultades para conocer de una moción de esta naturaleza en primera instancia.

Seducción.—Pruebas.—Carácter de la mujer agraviada.—En una causa por seducción, no es necesario probar que la mujer agraviada fuera virgen cuando se cometiera el delito, pues ella pudo haber perdido su virginidad, y ser, sin embargo, de carácter casto.

Id.—Promesa de matrimonio.—Tampoco es necesario probar expresamente que el acusado prometió á la denunciante casarse con ella, y que ésta consintió en la realización del acto, exclusivamente por virtud de tal promesa; pues en estos casos la prueba se considerará suficiente, si las circunstancias son tales que justifiquen la conclusión de que el acto no se hubiera realizado á no haber mediado tal promesa.

Id.—Si de la prueba resultare justificado el hecho de que el acusado visitaba la casa de la mujer agraviada como novio de ésta, y que la familia consideraba que había entre ellos un compromiso de matrimonio, y tal hecho no apareciere contradicho por ninguna circunstancia, será suficiente para estimar probado que la seducción tuvo lugar por virtud de la promesa de matrimonio.

Los hechos están expresados en la opinión.

Abogado del Apelante: *Sr. Alvarez Nava.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

El demandado en esta causa fué declarado culpable á virtud de acusación debidamente presentada el día 23 de Septiembre de 1904, por haber seducido mediante promesa de matrimonio á una mujer que en dicha acusación se menciona, habiendo sido juzgado por la Corte de Distrito de Aguadilla en 12 de Octubre último y declarado culpable de acuerdo con la acusación.

El 17 del mismo mes fué sentenciado á pagar una multa de quinientos dollars ó á ser encarcelado en la Penitenciaría por el término de un año, con trabajos forzados y al pago de todas las costas. De la referida sentencia el acusado apeló á esta Corte, habiendo su abogado presentado un amplio alegato como asimismo argumentado oralmente con mucho cuidado y habilidad.

Pero al examinar los autos solamente un punto aparece haber sido reservado mediante una excepción previa propiamente tomada, y ese fué que la Corte había

rehusado suspender el juicio á consecuencia de la incomparecencia del Dr. Guzmán Rodríguez, testigo de la parte demandada, que fué el Dr. que hizo un exámen á la mujer ofendida y presentó informe de su condición física. Aparece que este testigo fué debitamente citado, y que no compareció á su propio tiempo. Durante el juicio el Abogado del demandado trató de presentar el informe hecho por el médico, que fué debidamente excluído, y entonces pidió la suspensión de los procedimientos hasta que pudiera hacerse la comparecencia de dicho médico. Su petición fué rechazada por la Corte á lo que él presentó objeción en debida forma. Ciertamente que esta actitud de parte de la Corte estaba dentro de la discreción del Juez, no demostrando los autos que se haya abusado de dicha discreción por lo cual su acción no será anulada por esta Corte.

Con su alegato, que fué presentado en esta Corte el día 11 de Febrero último, el abogado del demandado y apelante presentó ciertos documentos que pidió fuesen tomados en consideración como parte del record. Fueron admitidos provisionalmente y sin perjuicio á la causa. Los documentos son los siguientes:

1o.—Copia certificada de la demanda jurada y presentada ante el Juez de Paz de Añasco por Ramón Arce, hermano de la mujer ofendida.

2o.—Una copia certificada del informe dado al Juez de Paz por el Dr. Guzmán Rodríguez, que examinó á la parte perjudicada.

3o.—La opinión del Dr. Font y Guillot, quién también examinó á la mujer ofendida y al niño que nació.

4o.—Una copia certificada del Registro Civil relativa á la inscripción de nacimiento del referido niño.

5o.—Una copia del documento notarial en que aparece la declaración de Agripina Ramos, relativa á la fecha de su embarazo, y de la presentación de su niño á fin de que pudiera ser reconocido por el Dr. Font y Guillot.

Los documentos, para que puedan tener validez en

esta Corte, debieron haberse presentado debidamente
acompañados de una moción, ante la Corte sentenciado-
ra, y allí ser tomados en consideración y revisados, si
aquella Corte lo determinaba. No habiéndolos presen-
tado en la Corte sentenciadora, no pueden ser tomados
en consideración en esta Corte, pues ellos no forman par-
te del record de esta causa.

Una de las primeras objeciones presentadas por el
apelante contra el fallo de la Corte inferior es que dicho
apelante fué declarado culpable del crimen de seducción,
de acuerdo con la acusación, y que allí aparece haber
incertidumbre con respecto á la fecha que se alega en
la acusación y la fecha demostrada en el juicio, con res-
pecto á cuando fué cometida. Esta disparidad no tiene
importancia porque de acuerdo con las Secciones 78 y
82 del Código de Enjuiciamiento Criminal solamente es
necesario que la acusación probara que la ofensa fué
cometida en alguna época anterior á su presentación, y
no se necesita declarar en la acusación el día preciso
en que la ofensa fué cometida, excepto cuando el tiempo
es elemento necesario en la ofensa. Con respecto á
la prueba, no necesita que corresponda exactamente con
las fechas presentadas en la acusación, y es suficiente
si muestra que el crimen fué cometido en cualquier tiem-
po dentro de las fechas prescritas por el estatuto de
limitaciones. El estatuto de limitaciones en este caso
es tres años, de acuerdo con la sección 78 del Código
Penal; de aquí que la prueba producida en el juicio con
respecto á la comisión del delito era suficiente.

La sentencia de la Corte de Distrito habiendo versado
respecto á la culpabilidad del acusado según el cargo que
se le imputaba en la acusación, meramente indicó que
era culpable del crimen por el cual se le declaraba culpa-
ble en la acusación y que por la prueba todas las alega-
ciones materiales expuestas allí fueron probadas á sa-

tisfacción de la Corte. Por esta razón esta objeción presentada por el apelante debe ser desestimada.

Se alega además que la acusación no contiene todos los requisitos prescritos por los estatutos para tener validez. Comparando el documento por sí mismo con la Sección 82 del Código de Enjuiciamiento Criminal que prescribe cuales son los elementos esenciales de una acusación, se verá que el presentado en este caso es ampliamente suficiente para justificar el juicio y convicción del acusado.

Otra objeción presentada por el Abogado del apelante es que el acusado fué declarado culpable por el único testimonio de la parte ofendida, sin haber pruebas que corroboraren tal testimonio. Alega que de acuerdo con la Sección 250 del Código de Enjuiciamiento Criminal es necesario que el testimonio de la persona perjudicada esté corroborado por otro testigo, á fin de basar una convicción. La corroboración es necesaria cuando hay acusaciones de acuerdo con la Sección 260 del Código Penal, pero no en casos que surjan de acuerdo con la Sección 268 del Código Penal de California.

Esto es según decisiones de la Corte Suprema de California dictadas sobre una sección del Código Penal enteramente análoga, realmente idéntica á la nuestra. Compárese la Sección 261 del Código de Puerto Rico con la Sección 268 del Código Penal de California.

El Pueblo contra Wood, 118 California, 672.

Al comparar la Sección 250 del Código de Enjuiciamiento Criminal de Puerto Rico con la Sección 1108 del Código Penal de California se hallará que son idénticas, y que hacen referencia á otros crímenes distintos al que se imputa en el presente caso: entre otros, la sustracción de una mujer con el fin de prostituirla, y que por ninguna de ellas se necesitan pruebas corroborantes en casos de seducción bajo promesa de matrimonio.

El abogado del apelante hace además un gran esfuer-

zo á fin de que esta Corte conceda un nuevo juicio mediante presentaciones de declaraciones juradas y otros documentos, presentando nuevas pruebas. Parece creer dicho Abogado que la Corte Suprema puede conceder nuevo juicio por las razones referidas en el estatuto, y que se encuentren en el Código de Enjuiciamiento Criminal, Capítulo VII. Véanse los Estatutos Revisados, páginas 690 et seq.

En la Sección 301 del Código de Enjuiciamiento Criminal se hallará que "un nuevo juicio es un nuevo exámen de la cuestión en la *misma corte,* ante otro jurado, después que se haya dado el veredicto." Esto demuestra que el Capítulo VII del Código de Enjuiciamiento Criminal no tiene referencia alguna al procedimiento de la Corte Suprema, sino que se refiere solamente á las Cortes sentenciadoras, y el esfuerzo del Letrado sobre este punto ha sido mal dirigido.

El abogado del demandado ha analizado detenidamente el delito de seducción y lo divide entre sus diferentes partes esenciales, tomándolas una por una, y discutiéndolas ámpliamente, esforzándose en demostrar que la prueba deja de presentar la comisión del delito. Por una comparación de la prueba aducida durante el juicio con la definición de la ofensa en la sección 261 del Código Penal, se verá que cada uno de los requisitos esenciales del crimen fué probado por suficiente prueba.

No fué necesario probar afirmativamente que la mujer perjudicada era virgen; ella pudo haber perdido su virginidad y aún haber sido una mujer hasta entonces reputada por pura. No hay nada en la prueba que demuestre que la persona perjudicada no era casta. Algunos de los testigos declararon que era ligera y quizás un poco alegre, pero ninguno de ellos dijo que era una mujer no reputada por pura. Tampoco es necesario que la prueba muestre claramente que el seductor prometió casarse con la mujer ofendida cumpliendo así su

propósito, y que el consentimiento de ella fué expresamente dado teniendo en cuenta tal consideración. Es muy suficiente que las circunstancias sean tales que garanticen que el acto no se hubiera realizado sino mediante tal promesa. Véase Pueblo contra Wallace 109 California 611.

Los hechos de este caso muestran que el demandado visitaba la casa de la mujer ofendida en concepto de novio y que se sabía por la familia que ellos estaban comprometidos para casarse. Creemos que esta prueba es suficiente para sostener el fallo cuando no está contradicho por ninguna otra circunstancia.

Un exámen cuidadoso de todas las autoridades citadas por el abogado del apelante deja de mostrar cualquier precepto legal que impediría que la convicción en este caso tuviera validez. Por cuanto de acuerdo con la ley y los hechos, según se han desarrollado en los autos, el demandado fué debidamente declarado culpable, el fallo de la Corte sentenciadora debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.