EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL M. GARCÍA, acusado y apelante.

No. 5453.—*Sometido:* Noviembre 21, 1934. *Resuelto:* Noviembre 23, 1934.

*Angel M. Villamil,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinion del tribunal.

Rafael M. García fué declarado culpable de haber infringido el artículo 18 de la Ley para reglamentar el uso de vehículos de motor en Puerto Rico (Ley No. 75 de 1916, pág. 144) enmendada en 1926, que impone una sanción penal a toda persona, firma, sociedad o corporación que por sí misma o por medio de sus agentes transporte en los vehículos pesados de motor, o en los vehículos comerciales, más carga que la autorizada por dicha ley.

Se alega que un camión propiedad del acusado, cuando pasaba por la carretera No. 3, kilómetro 128, hectómetro 9, transportaba una maza de hierro fundido para molino de caña de 34½ pulgadas de diámetro por 78 pulgadas de largo, rayada a un hilo de pulgada y encasquillada a un eje de acero de tamaño *standard* de 19 pulgadas de diámetro por 14 pulgadas de largo, cuyo peso es de 268 quintales, según comprobación y certificación de los ingenieros mecánicos de la casa Sucesores de Abarca, cuya certificación se acompaña como

evidencia. Se añade que dicho camión llevaba un exceso de carga de 168 quintales, lo cual está en contra de la referida ley de automóviles vigente.

El acusado atribuye a la corte el error de haber dictado una sentencia contraria a la prueba y contraria a derecho. Entiende el apelante que los hechos alegados en la denuncia no han quedado establecidos por la prueba. El testigo Antonio Ortiz, celador de conservación de carreteras, declara que el camión traía como carga una maza de un molino de hierro fundido, que midió dicha maza con una cinta métrica y que tenía 34½ pulgadas de diámetro por 78 de largo y que el eje al cual iba encasquillada la maza tenía 19 pulgadas de diámetro por 14 pies de largo. Agrega que mandaron dichas medidas al Departamento, que el camión estaba autorizado para cargar cien quintales y que el *truck* pesaba también cien quintales, debiendo pesar todo en conjunto doscientos quintales. En estos momentos el fiscal ofreció como prueba una carta dirigida al Hon. Manuel Egozcue que aparece firmada por Sucesores de Abarca. La defensa se opuso a la admisión de esta carta donde se dice que el peso de una maza de hierro fundido para molino de caña de 34½ pulgadas de diámetro por 78 pulgadas de largo, rayada a un hilo en pulgada y encasquillada a un eje de acero de tamaño *standard,* que sería de 19″ de diámetro por 40′ 0″ de largo total, es de 26,800 libras. Basó su oposición la defensa en que el documento es inadmisible, entre otras razones, por tratarse de una firma que viene a declarar a través de una carta, sin haber tenido el acusado la oportunidad de repreguntarle, y porque no surge de dicha carta que la maza que en la misma se describe fuese la que llevaba el carro en cuestión. No aparece ninguna resolución de la corte admitiendo o negando la admisión de esta prueba.

Continúa declarando el testigo acerca de su experiencia y conocimiento para afirmar que la maza pesaba más de diez toneladas, y dice que desde hace doce años las centrales vienen pidiendo permiso para cargar mazas de esta índole

con más de diez toneladas y que por la experiencia adquirida en la cuestión de conservación de carreteras sabe que esa maza pesaba más de diez toneladas. Expresa que ha pesado mazas análogas a la que llevaba el camión del acusado, que a su juicio dicha maza pesaba más de diez toneladas, y que está seguro de que éste era su peso. El testigo Manuel Velázquez se limita a decir que el camión estaba autorizado para cargar cien quintales, que no ha visto pesar estas mazas y que lo que sabe no lo sabe porque lo haya visto sino por información. José Méndez Cardona, inspector general de carreteras, declara que midió personalmente la maza, que tiene mucha experiencia con respecto al peso porque se dedica en la oficina justamente a eso, a extender los permisos, estando encargado de tomar los datos a fin de extender el permiso de las cargas que se transportan por la isla que se exceden del peso. Agrega que a su juicio la maza pesaba más de diez toneladas y que funda su opinión en que ha sido administrador de centrales, de la Plazuela Sugar Co. y conoce el peso de una maza de siete toneladas y aquélla era de un peso mayor de 7 toneladas; que puede calcular el peso aproximadamente, pero los datos exactos los da la casa fundidora que son los que tienen el hábito de hacerlo, que eso es lo exacto, pero que a su juicio la maza aquella pesaba más de diez toneladas; que tomaron una cinta de su automóvil y midieron el diámetro del eje, el de la maza y la longitud del eje de la maza, y que enviaron esas medidas a la casa de Abarca para que les dijeran lo que pesaba una maza de esa naturaleza; que no pesó la maza y que lo que está declarando lo dice por deducción. A preguntas del juez declaró el testigo que cree que la maza pesaba más de diez toneladas de acuerdo con las dimensiones, pero que no puede decir el peso exacto, que está seguro de que la maza pesaba más de diez toneladas por sus dimensiones.

No hay duda alguna de que la carta que aparece suscrita por Sucesores de Abarca no puede tomarse en consideración,

porque ese documento en la forma en que fué presentado resulta claramente inadmisible como prueba, y porque además no surge de los autos que hubiese sido admitido y que el tribunal inferior lo hubiese tenido en cuenta al dictar su fallo.   Descartado este documento, debemos atenernos exclusivamente al testimonio de los testigos para resolver si con la prueba aportada ha podido dictarse o no un fallo declarando culpable al acusado.   Antonio Ortiz es el testigo que parece declarar con más énfasis acerca del peso de la carga que llevaba el camión.   Este testigo, que midió la maza de hierro fundido, basa su testimonio en la experiencia adquirida en trabajos de conservación de carreteras por doce años en que las centrales todas han venido pidiendo permiso para cargar mazas de esta índole, de más de diez toneladas.   Para producir su testimonio no toma Ortiz como base la medida que hiciera de la maza a fin de determinar el peso de la misma de acuerdo con dicha medida, sino que se basa en su experiencia como celador de carreteras.   Las afirmaciones del testigo no obedecen a un cálculo cierto deducido de la medida. No dice Ortiz que una maza de tantas pulgadas de diámetro y tantas de largo arroje un peso determinado.   No demostró el testigo que tuviese conocimientos para llevar a cabo estos cálculos.   Esta prueba, que pudo producirse, no fué aportada por ninguno de los testigos de la acusación.   Ninguno de estos testigos demostró que tuviese conocimiento y capacidad para calcular el peso, basándose en la medida.   Por el contrario, se enviaron dichas medidas a la casa de Abarca para que ésta fijara el peso de la carga.

El hecho denunciado ocurrió en 21 de junio de 1933 y la denuncia se formuló en 7 de julio del mismo año, cuando ya el querellante, que es el propio testigo Ortiz, se había procurado un documento aparentemente suscrito por Sucesores de Abarca, que acompañó con la denuncia y que se intentó introducir como prueba, donde se habla de la medida de cierta maza de hierro fundido y del peso de la misma de acuerdo con la medida.

El testigo José Méndez Cardona, inspector general de carreteras, declara también que tiene experiencia; pero no hace ningún cálculo para determinar el peso ni demuestra que estuviese capacitado para fijarlo, partiendo de la base de la medida practicada. Este testigo es quien dice que se enviaron las medidas a la casa de Abàrca para que les dijeran lo que pesaba una maza de esa naturaleza.

La prueba aportada es, a nuestro juicio, insuficiente para autorizar una conclusión de culpabilidad.

*Debe revocarse la sentencia apelada y declararse absuelto al acusado.*