EL PUEBLO DE PUERTO RICO, apelado, *v.* EDWIN F. MORALES SUÁREZ, acusado y apelante.

*Número:* CR-84-68     *Resuelto:* 24 de junio de 1986

*Emilio Hidalgo Nazario,* abogado del apelante; *Rafael Ortiz Carrión, Procurador General, Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 3 de mayo de 1984 el apelante Edwin Francisco Morales Suárez fue acusado por el delito de escalamiento agravado. Juzgado por jurado fue declarado convicto de dicho delito y condenado a cumplir la pena de quince (15) años de presidio. Alega en apelación básicamente la comisión de tres errores:

(a) deficiencia e incompetencia del abogado defensor consistente en que sometió prueba sobre actos delictivos previos del acusado y ofreció en evidencia declaraciones juradas de testigos del Ministerio Público que en nada beneficiaban al acusado; (b) que el fiscal suprimió prueba pertinente favorable al acusado, y (c) que la prueba del Estado no sostiene la culpabilidad más allá de duda razonable. Oportunamente había solicitado y obtenido descubrimiento de pruebas en poder del fiscal bajo la Regla 95 de Procedimiento Criminal.

Todos los señalamientos de error son inmeritorios.

## I

La defensa del acusado no estuvo viciada de incompetencia. La lectura de la Exposición Narrativa de la Prueba revela continua actividad y militancia del abogado defensor a través de los diez días que duró el juicio, manifiesta en impugnación de credibilidad de testigos, solicitud de absolución perentoria por no haberse presentado en evidencia los objetos ocupados en poder del acusado y por haberse roto la cadena de evidencia, y la presentación de cuatro testigos de defensa.

En cuanto a la imputación al abogado defensor de que presentó prueba de actos delictivos previos de su cliente, notamos que dicha información surgió en el contrainterrogatorio, a saber: que el acusado era policía destacado en Naranjito y cabecilla de una ganga de ladrones en esa municipalidad, a la que pertenecía el propio testigo contrainterrogado Juan Hernández (quien declaró bajo inmunidad) y unos individuos sólo conocidos por "Yuca", "Papote", "Lambón", "Papolín" y "Cáscara"; que en la noche del 18 de noviembre de 1984 asaltaron la residencia de Nicolás Álvarez, quien el acusado sabía que estaba hospitalizado, de la que sacaron una caja fuerte que llevaron al parque del barrio Jaguas donde se presentó a las 10:30 P.M., a la apertura de la caja con antorcha de acetileno, el policía acusado quien se llevó todo el dinero en dos sacos. La defensa estableció que este caso fue archivado por

insuficiencia de prueba y continuando la impugnación del testigo presentó prueba "colateral" demostrativa de que "Yuca" no participó en ese escalamiento porque para la fecha se hallaba confinado en la Penitenciaría Estatal.

■ Las declaraciones juradas de los testigos de cargo evidentemente fueron utilizadas por la defensa para impugnarlos, siguiendo una práctica común en los juicios criminales, y no encontramos que la parte de dichas declaraciones adversa al interés de la defensa supliese evidencia indispensable para probar la acusación. En todo contrainterrogatorio de un testigo de cargo hay un riesgo para la defensa de que se afirme y amplíe la prueba en su contra. Pero en este caso la defensa no podía omitir el interrogatorio toda vez que el testimonio directo fue extremadamente dañino, y en fin de cuentas, como hemos dicho, lo declarado a preguntas del abogado no era necesario para sostener el sólido caso del Ministerio Público. No había lagunas que llenar.

■ No aparece incurso en incompetencia el abogado que defendió al acusado en el juicio. Meros errores o equivocaciones del defensor, sin consecuencia en la validez del juicio, sin erosión básica del debido proceso de ley no justifican la revocación de la sentencia. *Pueblo* v. *Díaz Martínez,* 87 D.P.R. 691 (1963) ; *Pueblo* v. *Torres,* 81 D.P.R. 678 (1960). La incompetencia enervante de la asistencia legal a que tiene derecho el acusado ha de ser de grado extremo, causante de perjuicio sustancial, al punto que sostenga la probabilidad de que de no haber incidido, el resultado del juicio hubiera sido distinto. *Pueblo* v. *Marrero Laffosse,* 95 D.P.R. 186 (1967). Recae sobre el apelante el peso de la prueba de su indefensión por incompetencia del abogado, obligación que no ha descargado en el presente caso. En *Marrero Laffosse* v. *Márshal, Tribl. Superior,* 89 D.P.R. 564 (1963) ; *Pueblo* v. *Del Valle,* 91 D.P.R. 174, 182 (1964), y *Pueblo* v. *Torres,* 81 D.P.R. 678, 684 (1960), dijimos:

. . . En todo caso, firme y reiterada jurisprudencia establece que las equivocaciones o errores del abogado de la defensa (ya sea éste un defensor público, un abogado de oficio o un abogado que ha sido escogido y remunerado por el propio acusado) no pueden ser invocados en apelación como fundamento para obtener una revocación del fallo o sentencia, en ausencia de mala fe, de fraude, de incapacidad física o mental, o de clara, indisculpable y grave incompetencia profesional del abogado que representó al apelante en el juicio.

La alegación de falta de defensa efectiva deberá demostrar, antes de que merezca un examen a fondo, que la conducta errónea del abogado ha resultado en perjuicio de tal naturaleza que de no haberse producido, el juzgador de hechos hubiese llegado, con razonable probabilidad a conclusión distinta respecto a la responsabilidad del acusado. El tribunal de apelación debe albergar una fuerte presunción de que la conducta del defensor está comprendida dentro del amplio ámbito de una razonable asistencia legal, y toca al apelante derrotar la presunción de que, en las circunstancias que confrontó el abogado en el juicio, su actuación impugnada puede considerarse como estrategia correcta. Al pasar juicio sobre falta de defensa efectiva en causa criminal, no puede prescindirse de la libertad e independencia del abogado, un valor protegido en la Constitución, y restringir la amplitud de su campo al tomar decisiones tácitas. Una evaluación justa de la efectividad de la defensa que garantiza el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado debe guardar gran deferencia para el defensor, y exige un esfuerzo para eliminar el efecto distorsionante sobre el análisis retrospectivo, la reconstrucción de las circunstancias en que surgió la actuación impugnada del abogado y un examen de la conducta profesional desde la perspectiva que confrontó el defensor en aquel momento. El criterio final para adjudicar una reclamación de falta de efectividad en la defensa debe ser si la actuación del abogado de tal modo vulneró el adecuado funcionamiento del

sistema adversativo que no pueda decirse que el juicio tuvo un resultado justo. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

## II

El segundo planteamiento del apelante al efecto de que el fiscal suprimió prueba pertinente favorable al acusado es intento inaceptable para que consideremos en apelación prueba que no fue presentada en el juicio, elaborado en torno a dos informes de la Policía que el apelante alega haber "descubierto" después de sentencia y que nada hubiesen aportado al esclarecimiento de los hechos fundamentales en juicio. Dentro de un recurso de apelación este Tribunal no puede considerar un documento que no hubiese sido presentado, y hecho parte de los autos, ante la sala de instancia. *Pueblo* v. *Peterson Pietersz*, 107 D.P.R. 172, 175 (1978); *Pueblo* v. *Ruiz*, 60 D.P.R. 153, 154–155 (1942); *Pueblo* v. *García*, 47 D.P.R. 678, 680–681 (1934); *El Pueblo* v. *Santos*, 8 D.P.R. 366–369 (1905).

Igualmente frívolo es el señalamiento sobre insuficiencia de prueba. La presentada por el Estado demostró que el policía acusado que fungía además como jefe de una ganga de delincuentes, para asegurarse de que uno de sus miembros llamado Juan Hernández[1] no era un "chota" (delator), lo obligó a acompañarlo al escalamiento del hogar de la señora madre de este último de donde sustrajeron pequeñas figuras de elefantes y reyes magos, dos muñecas y un radio-casete, propiedad que fue ocupada en la casa del apelante en el curso del arresto de éste por delitos de robo e infracción a la Ley de Armas. Dichos artículos fueron devueltos a su dueña y su incuestionable identificación en el juicio hizo innecesaria su presentación en evidencia. *Pueblo* v. *Vargas Delgado*, 105

---

[1] Principal testigo de cargo en el juicio.

D.P.R. 335, 340 (1976). No hay razón alguna para intervenir con la correcta apreciación de la prueba por el juzgador de hechos. *Pueblo* v. *Colón Obregón*, 102 D.P.R. 369, 374 (1974); *Pueblo* v. *Díaz Díaz*, 102 D.P.R. 535, 539 (1974); *Pueblo* v. *Ledée Ramírez*, 102 D.P.R. 679, 683 (1974).

El juicio tuvo un resultado justo. *Se dictará sentencia en la que se confirme la aquí apelada.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita.