ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**CARLOS A. SOTO RIVERA**<br><br>Peticionario | KLCE202400949 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Caso Núm.: E IS2022G0019<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Carlos A. Soto Rivera (Soto Rivera o peticionario), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) e ingresado en la Institución Guayama 1000, presentó ante este Foro, por derecho propio, un escueto escrito intitulado [*M]oci[ó]n.*[1] Mediante el mismo, impugna colateralmente la sentencia de 40 años de reclusión que le fue impuesta el 23 de febrero de 2023, tras un preacuerdo con el Ministerio Público.[2]

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

Como es sabido, aun cuando un acusado haya sido convicto mediante una alegación de culpabilidad, éste puede atacar

---

[1] De un examen del expediente se desprende que Soto Rivera no anejó ningún documento a su recurso respecto al procedimiento ante el Tribunal de Primera Instancia. Por ende, no contamos con el beneficio del preacuerdo, ni la sentencia que hoy impugna, lo cual implica que el recurso no se perfeccionó adecuadamente. Véase, Regla 34(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34(E).

[2] De una investigación en el sistema de Consulta de Casos del Poder Judicial surge que Soto Rivera está condenado por violación al Artículo 130 (Agresión Sexual) del Código Penal de Puerto Rico de 2012.

directamente la validez de la alegación cuando sea el resultado de una coacción o cuando un tribunal incumple con su deber de investigar asuntos que requiere la Constitución o la ley. Asimismo, el Tribunal Supremo de Puerto Rico ha señalado que un convicto por alegación de culpabilidad puede impugnar colateralmente su sentencia si no fue producto de una decisión inteligente. *Pueblo v. Román Mártir*, 169 DPR 809, 822 (2007); *Pueblo v. Santiago Agricourt*, 147 DPR 179, 210-211 (1998).

De ordinario, se permite revisar una sentencia dictada a raíz de una alegación de culpabilidad únicamente a través del recurso discrecional de *certiorari* dirigido al Tribunal de Apelaciones dentro del término jurisdiccional de 30 días desde que se dictó la sentencia. Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193. En *Pueblo v. Román Mártir*, supra, pág. 822, el Tribunal Supremo de Puerto Rico dispuso que:

> [U]n ciudadano convicto mediante alegación de culpabilidad podría atacar dicha convicción, y la sentencia dictada en conformidad, si cuenta con un planteamiento o defensa meritoria de debido proceso de ley. Podría hacerlo directamente, a través del recurso de *certiorari* correspondiente, o colateralmente, a través de procedimientos posteriores a la sentencia, perfeccionados conforme a derecho, tales como la moción según la Regla 192.1 de Procedimiento Criminal, infra, y el recurso de *hábeas corpus*.

Así, la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, provee un mecanismo que autoriza al tribunal que impuso una sentencia anularla, dejarla sin efecto, o corregirla, cuando: (1) la misma fue impuesta en violación a la Constitución, a las leyes del Estado Libre Asociado de Puerto Rico o la Constitución o leyes de Estados Unidos; (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; (3) la sentencia impuesta excede la pena prescrita por ley; o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. Bajo este procedimiento, la cuestión que ha de plantearse es si la sentencia impugnada está viciada por un error fundamental

que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020); *Pueblo v. Pérez Adorno,* 178 DPR 946, 965-966 (2010); *Pueblo v. Román Mártir*, supra, pág. 824.

Una moción al amparo de esta Regla se puede presentar ante el tribunal sentenciador en cualquier momento después de dictada la sentencia, aun después de ésta advenir final y firme. *Pueblo v. Ruiz Torres*, 127 DPR 612, 614 (1990). Al resolver esta moción "el tribunal podrá, discrecionalmente, dejar sin efecto la sentencia, ordenar la excarcelación del convicto, dictar nueva sentencia o conceder un nuevo juicio". *Íd.;* Regla 192.1 de Procedimiento Criminal, *supra.* Aquellos fundamentos que no se incluyan en la moción se entenderán renunciados a menos que el tribunal determine que no pudieron presentarse en la moción original. *Pueblo v. Rivera Montalvo*, supra, pág. 371. El inciso (b) de la Regla 192.1 de Procedimiento Criminal, *supra,* dispone que el juez celebrará una vista a menos que tanto de la moción como del expediente del caso surja concluyentemente que el peticionario no tiene derecho a remedio alguno al amparo de esta regla. *Íd.*, pág. 371. Además, corresponde al peticionario persuadir al tribunal, con datos y argumentos de derecho concretos, que celebrar la vista es necesario para atender sus planteamientos constitucionales. *Pueblo v. Román Mártir*, supra, págs. 826–827.

De otra parte, el derecho a tener representación legal en casos criminales se ha consagrado como parte fundamental de la cláusula del debido proceso de ley. *Pueblo v. Moreno González*, 115 DPR 298 (1984). En nuestro ordenamiento jurídico existe una fuerte presunción de que la conducta del abogado defensor está comprendida dentro del amplio margen de lo que constituye una asistencia legal razonable. *Pueblo v. Ortiz Couvertier*, 132 DPR 886 (1993), citando a *Pueblo v. Morales Suárez,* 117 DPR 497 (1986).

Ante esta presunción, quien alega la falta de una representación legal adecuada tiene el peso de probar tal violación. Al mismo tiempo, la determinación del tribunal de instancia deberá estar fundamentada en prueba convincente y satisfactoria. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022).

Además, "si bien una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede presentarse en cualquier momento, lo cierto es que los tribunales pueden considerar la tardanza injustificada como un elemento relevante para enjuiciar la buena fe y la credibilidad del promovente". *Pueblo v. Hernández Doble*, supra.

## II.

En su sucinto escrito, el peticionario fundamentalmente razona que tuvo una representación legal inapropiada por parte de la Lcda. Sylvia Sepúlveda Lozada de la Sociedad para la Asistencia Legal. Arguye que "no fue orientado de nada" y que "no era su intención que su caso se viera por jurado". Por otra parte, esboza que se declaró culpable mediante una alegación preacordada y, como consecuencia, el Tribunal lo sentenció a 40 años de prisión. Es su postura que dicha sentencia es muy severa. Por ende, solicita una nueva vista judicial en la cual se atienda su reclamo.

Analizado el escrito del peticionario, colegimos que procede su desestimación por falta de jurisdicción. Ello, toda vez que el tribunal sentenciador no se ha expresado en cuanto a la alegación de representación legal inadecuada. El mecanismo procesal apropiado para los argumentos del peticionario lo constituye una moción ante el Tribunal de Primera Instancia (TPI) al palio de la Regla 192.1 de Procedimiento Criminal, *supra.* En esta deberá cumplir con el *quantum* de prueba necesario para obtener el remedio que solicita, mediante la presentación de prueba convincente y satisfactoria que demuestre que no estuvo adecuadamente representado por su

abogada durante los procedimientos celebrados en el TPI. Según mencionado, en el contexto de un reclamo de representación legal inadecuada, la conducta de la abogada está cobijada por una presunción de que su gestión se llevó a cabo dentro de los parámetros de una asistencia legal razonable.

Así las cosas, una vez el foro de instancia que dictó la sentencia condenatoria emita una determinación judicial sobre la moción del peticionario, la misma estará sujeta a ser revisada por este Tribunal de Apelaciones. Mientras tanto, carecemos de autoridad para conceder la solicitud del peticionario.

**III.**

Por los fundamentos antes expuestos, se desestima el recurso de *certiorari* de referencia por falta de jurisdicción. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.83(C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones