EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Félix M. Hernández Doble<br><br>Recurrido | Certiorari<br><br>2022 TSPR 130<br><br>210 DPR ____ |

Número del Caso: CC-2021-140


Fecha: 1 de noviembre de 2022


Tribunal de Apelaciones:

    Panel IV


Oficina del Procurador General:

    Lcdo. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Javier O. Sepúlveda Rodríguez
    Subprocurador General

    Lcda. Liza M. Delgado González
    Procuradora General Auxiliar


Abogado de la parte recurrida
Sociedad para Asistencia Legal:

    Lcdo. Luis A. Zambrana González


Materia: Procedimiento Criminal – La presentación tardía de un recurso apelativo no es suficiente por sí sola para cumplir con el estándar aplicable en los casos de presunta representación legal inadecuada.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Félix M. Hernández Doble<br><br>Recurrido | CC-2021-140 | *Certiorari* |

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

Después de concluir la celebración de un juicio por jurado en contra del Sr. Félix Hernández Doble (recurrido o señor Hernández Doble), éste fue hallado culpable por la comisión de los delitos de violación, actos lascivos o impúdicos y secuestro agravado (Arts. 99, 105 y 137A del Código Penal de 1974), y por violaciones a los Arts. 5.04 y 5.15 de la Ley de Armas de Puerto Rico. Catorce (14) años después, el recurrido presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *infra*, mediante la cual solicitó la anulación de las sentencias, la corrección de éstas o la celebración de un nuevo juicio, según lo que procediera en derecho. El señor Hernández Doble alegó que, en aquel entonces, se violó su derecho a tener una representación legal adecuada en el proceso apelativo.

En función de lo expuesto, nos corresponde resolver si los foros recurridos erraron al conceder esta moción a la luz de los hechos particulares del caso y el derecho

aplicable. Para ello, habremos de revisar si el recurrido cumplió con el *quantum* de prueba requerido para obtener el remedio solicitado al amparo de la Regla 192.1 de Procedimiento Criminal, *infra*, mediante la presentación de prueba convincente y satisfactoria. Por los fundamentos que discutimos a continuación, determinamos que la prueba de la presentación tardía de un recurso apelativo, por sí sola, no es suficiente para cumplir con el estándar aplicable en los casos de alegada representación legal inadecuada. A continuación, relatamos los hechos que originaron el presente recurso.

## I

A raíz del veredicto de culpabilidad emitido por un jurado en contra del señor Hernández Doble, el Tribunal de Primera Instancia impuso las sentencias correspondientes el 18 de mayo de 2004. Posteriormente, la representación legal del recurrido presentó un recurso de apelación ante el Tribunal de Apelaciones el 9 de julio de 2004. No obstante, el 29 de septiembre de ese año, el foro apelativo intermedio desestimó el referido recurso por haber sido presentado fuera del término jurisdiccional.

Casi catorce (14) años después, el señor Hernández Doble compareció ante el tribunal de instancia, por derecho propio, mediante una *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]*.[1] En síntesis, el recurrido sostuvo

---

[1] *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]*, Apéndice del *certiorari*, págs. 49-73.

que no contó con una adecuada representación legal durante la etapa apelativa del caso en el 2004, entre otros argumentos.[2] Adujo que le solicitó a sus abogados que presentaran una apelación y que éstos acudieron ante el Tribunal de Apelaciones tardíamente, situándolo en un estado de indefensión, por lo cual solicitó que se "[…] anular[a] la sentencia, dejar[a] sin efecto, corr[igiera] o declarar[a] la celebración de [un] nuevo juicio, según proced[iera]".[3]

Así las cosas, el 14 de septiembre de 2018, el Tribunal de Primera Instancia declaró *No Ha Lugar* la *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]*. Inconforme con este dictamen, el señor Hernández Doble recurrió ante el Tribunal de Apelaciones. De esta forma, mediante una *Sentencia* emitida el 28 de junio de 2019, el foro apelativo intermedio revocó la determinación recurrida y devolvió el caso al foro de instancia para que se celebrara una vista evidenciaria con el fin de que se dilucidaran los méritos de la moción en cuestión.[4]

En consecuencia, el tribunal de instancia celebró una vista en la cual las partes presentaron sus argumentos en

_____

[2] El Sr. Félix Hernández Doble (recurrido o señor Hernández Doble) también planteó que las sentencias impuestas no fueron proporcionales a la severidad de la conducta delictiva consumada y cuestionó la imposición de agravantes.

[3] *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]*, Apéndice del *certiorari*, pág. 72.

[4] *Sentencia* del Tribunal de Apelaciones, Apéndice del *certiorari*, pág. 90.

cuanto a la solicitud del recurrido.[5] En lo pertinente, el recurrido -representado por la Sociedad para la Asistencia Legal- sostuvo que el recurso apelativo presentado tardíamente, por sí mismo, era indicativo de que deseaba continuar con el trámite apelativo y que tuvo una representación legal inadecuada. Por su parte, el Ministerio Público sostuvo que el peso de la prueba recaía sobre el señor Hernández Doble y que la prueba presentada por éste era insuficiente para demostrar la existencia de una representación legal inadecuada.

Atendidos los planteamientos de las partes, el 31 de julio de 2020, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró *Ha Lugar* la solicitud basada en la alegada representación legal inadecuada durante la etapa apelativa.[6] Cónsono con ello, determinó que el señor Hernández Doble debía ser resentenciado para que tuviera disponible un nuevo término de treinta (30) días y pudiera apelar las sentencias impuestas. Por consiguiente, señaló una vista para el 13 de agosto de 2020 con este fin.

A la luz de lo antes expuesto, ambas partes presentaron sendas mociones de reconsideración. En lo relativo a la

---

**5**    Valga señalar que el Tribunal de Primera Instancia refirió al señor Hernández Doble a la Sociedad para la Asistencia Legal para que evaluara la posibilidad de asumir su representación legal. Así pues, el 5 de noviembre de 2019, la referida entidad notificó que asumiría la representación legal del recurrido. *Moción complementaria y notificación de representación legal*, Apéndice del *certiorari*, pág. 92.

**6**    El Tribunal de Primera Instancia declaró *No Ha Lugar* la *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]* en cuanto a los planteamientos relacionados con la imposición de agravantes y la aplicación de la figura del concurso medial.

controversia que nos ocupa, el Ministerio Público sostuvo que el recurrido no presentó prueba convincente y satisfactoria que sustentara su alegación sobre una violación de su derecho a tener una representación legal adecuada en la etapa apelativa. Del mismo modo, señaló que el señor Hernández Doble se limitó a solicitar que se tomara conocimiento judicial sobre: (1) la presentación tardía del recurso apelativo; (2) la solicitud de desestimación del Procurador General, y (3) la posterior desestimación efectuada por el foro apelativo intermedio, en lugar de aportar prueba sobre las circunstancias específicas que comprendían lo sucedido.

El 16 de octubre de 2020, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró *No Ha Lugar* la moción de reconsideración presentada por el Ministerio Público. El foro de instancia manifestó que, de acuerdo con la información que surgía del expediente, "el señor Hernández Doble solicitó que la[s] sentencia[s] dictada[s] en su contra se apelara[n] y que su representación legal falló en hacerlo oportunamente".[7] Por consiguiente, determinó que tales hechos constituían prueba satisfactoria para demostrar que el recurrido tuvo una representación legal inadecuada en la etapa apelativa.

El tribunal de instancia agregó que, aunque le corresponde al cliente exponer su deseo de apelar la

---

[7] *Resolución* del Tribunal de Primera Instancia, Apéndice del *certiorari*, pág. 135.

sentencia, su representante legal tenía el deber de orientarle al respecto y defender sus intereses de manera diligente. Por ende, el foro primario expuso que no era posible concluir que la presentación tardía del recurso apelativo se debió a alguna acción u omisión atribuible al recurrido, como sugirió el Ministerio Público.

En desacuerdo, el Procurador General (peticionario), en representación del Pueblo de Puerto Rico, presentó un recurso de *certiorari* ante el Tribunal de Apelaciones el 29 de octubre de 2020. Como único señalamiento, arguyó que el tribunal de instancia erró al declarar *Ha Lugar* la *Moción al amparo de la Regla 192.1 [de Procedimiento Criminal]* presentada por el recurrido y concluir que se violó su derecho a tener una representación legal adecuada durante la etapa apelativa, aun cuando éste no cumplió con el *quantum* de prueba requerido en estos casos.

El 27 de enero de 2021, el Tribunal de Apelaciones emitió una *Sentencia* en la cual confirmó el dictamen del foro de instancia. A esos efectos, señaló lo siguiente:

> No hay controversia sobre el hecho de que la representación legal del recurrido falló en presentar el recurso apelativo correspondiente de forma oportuna. **Del expediente bajo nuestra consideración no surge una explicación para esta dilación, m[a]s, sin embargo, sí se desprende el interés del recurrido en apelar su caso. Ello evidencia satisfactoriamente, como bien concluyó el foro primario, que el recurrido solicitó la apelación de la sentencia dictada en su contra y [é]sta no se presentó oportunamente por razones ajenas a [é]ste.** Dicha acción provocó que la representación legal del recurrido fuera una ineficaz e inadecuada y lo despojó

de su oportunidad de impugnar su sentencia.
(Negrillas suplidas).[8]

Cónsono con lo expuesto, el foro apelativo intermedio tomó como ciertas las determinaciones de hechos formuladas por el foro de instancia y concluyó que este último no incurrió en error o abuso de discreción ni se equivocó en la aplicación del derecho. Asimismo, determinó que la decisión del tribunal de instancia estaba fundamentada en un ejercicio prudente del manejo del caso por parte del juzgador, por lo que le brindó deferencia a sus determinaciones.

Oportunamente, el 1 de marzo de 2021, el Procurador General presentó ante este Tribunal un recurso de *certiorari* en el cual señaló como único error el siguiente:

> Erró el Tribunal de Apelaciones al sostener el dictamen de inadecuada representación legal a nivel apelativo, a pesar de que la defensa no cumplió con el estándar de prueba requerido en una petición bajo la Regla 192.1 de Procedimiento Criminal.

Mediante una *Resolución* emitida el 14 de abril de 2021 por una Sala Especial de este Tribunal, denegamos la expedición del recurso presentado. Posteriormente, el peticionario presentó una *Moción de reconsideración* en la cual reiteró los argumentos esbozados. En dicha ocasión, una mayoría de los miembros de este Tribunal expidió el recurso de *certiorari* en reconsideración. Con el beneficio

---

[8] *Sentencia* del Tribunal de Apelaciones, Apéndice del *certiorari*, págs. 10-11.

de los alegatos de las partes, procedemos entonces a evaluar el derecho aplicable a la controversia.

## II

### A.  El derecho a una representación legal adecuada

El derecho de los acusados de contar con una representación legal en los procesos criminales se encuentra consagrado tanto en la Sexta Enmienda de la Constitución de Estados Unidos, aplicable a los estados en virtud de la Decimocuarta Enmienda,  como en la Sec. 11 de la Carta de Derechos de la Constitución de Puerto Rico.  Art. II, Sec. 11, Const. PR, LPRA, Tomo 1.  Este derecho, a su vez, exige una *adecuada* y *efectiva* asistencia legal del acusado durante el procedimiento criminal.  Pueblo v. López Guzmán, 131 DPR 867, 878 (1992).

Así pues, en Strickland v. Washington, 466 US 688 (1984) (en adelante, **Strickland**), el Tribunal Supremo de Estados Unidos articuló por primera vez un *test* para adjudicar los reclamos en los que los acusados alegaban haber tenido una representación legal inadecuada.  En esencia, el Máximo Foro federal determinó que -para probar una violación del derecho a tener una representación legal adecuada- debían demostrarse dos (2) factores: (1) que el desempeño del representante legal fue deficiente por debajo de un parámetro objetivo de razonabilidad y (2) que ese desempeño deficiente le ocasionó un perjuicio al acusado.  Íd., págs. 686-695.

Cónsono con el *test* elaborado en *Strickland* hemos expresado que "existe 'una fuerte presunción de que la conducta del defensor está comprendida dentro del amplio ámbito de una razonable asistencia legal'". Pueblo v. López Guzmán, *supra*, pág. 880 (citando a Pueblo v. Morales Suárez, 117 DPR 497, 501 (1986)). En consecuencia, "[r]ecae sobre el apelante el peso de la prueba de su indefensión por incompetencia del abogado". Pueblo v. Morales Suárez, *supra*, pág. 500.

De igual forma, hemos expuesto que "la incompetencia enervante de la asistencia legal a que tiene derecho el acusado ha de ser de grado extremo, causante de perjuicio sustancial, al punto que sostenga la probabilidad de que de no haber incidido, el resultado del juicio hubiera sido distinto". Pueblo v. López Guzmán, *supra*; Pueblo v. Morales Suárez, *supra*. Por ende, "[m]eros errores o equivocaciones del defensor, sin consecuencia en la validez del juicio, sin erosión básica del debido proceso de ley no justifican la revocación de la sentencia". Pueblo v. Morales Suárez, *supra*.

De esta manera, hemos señalado que se viola el derecho a tener una adecuada representación legal cuando:

> [(a)] el abogado es incompetente para la tarea que se le asigna, [(b)] *como cuestión de hecho la labor desplegada demuestra su inefectividad*, [(c)] hay un potencial o actual conflicto de intereses para el abogado, [(d)] las reglas o actuaciones del tribunal constituyen una limitación irrazonable al derecho a tener adecuada asistencia de abogado. (Énfasis y corchetes en el original). Pueblo v. Ortiz Couvertier, 132

DPR 883, 888 (1993) (citando a E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I, Sec. 7.9, págs. 449-550).

Por otra parte, este Foro ha reconocido el derecho a disfrutar de una adecuada representación legal en varias instancias, como por ejemplo: "en la etapa investigativa, cuando ésta toma carácter acusatorio[;] en el acto de lectura de acusación[;] durante el juicio[;] al dictarse sentencia[,] y *en la fase apelativa*". (Énfasis en el original y citas omitidas). Pueblo v. Ortiz Couvertier, *supra*, pág. 889. Atado a lo expuesto, este Tribunal ha destacado la importancia de esta garantía constitucional durante la etapa apelativa por tratarse de "la única -y posiblemente última- oportunidad que tiene el acusado para demostrar que su convicción es una contraria a derecho". Íd.

Precisamente, en Pueblo v. Ortiz Couvertier, *supra*, este Tribunal atendió un reclamo basado en una alegada representación legal inadecuada en la etapa apelativa por no haberse presentado el recurso de apelación dentro del término jurisdiccional. De esta forma, resolvimos que se infringe este derecho cuando: (1) el representante legal del acusado, **a pesar de haber sido expresamente instruido por éste**, presenta el escrito de apelación fuera del término jurisdiccional para apelar la sentencia impuesta, y/o (2) el abogado incurre en cualquier otra acción u omisión que prive al acusado de una adecuada representación legal, independientemente de que el abogado sea uno de oficio o

haya sido escogido libremente por el acusado.  Pueblo v. Ortiz Couvertier, *supra*, pág. 892.

En Roe v. Flores-Ortega, 528 US 470 (2000), el Tribunal Supremo de Estados Unidos atendió una controversia sobre una alegada representación legal inadecuada por no presentarse el escrito correspondiente en la etapa apelativa.  En esencia, el Máximo Foro federal explicó que el *test* formulado en *Strickland* proveía el marco jurídico adecuado para evaluar un reclamo de esta naturaleza y determinó que el hecho de no presentar un escrito de apelación, **en ausencia de una instrucción expresa del acusado**, no constituía un desempeño deficiente del abogado *per se*.  Íd., págs. 476-478.

Así pues, en palabras del profesor Ernesto L. Chiesa Aponte, en Roe v. Flores-Ortega, *supra*, el Tribunal Supremo federal:

> **aclar[ó] que no hay violación a la Sexta Enmienda s[ó]lo porque el abogado no presentó un escrito de apelación (*notice of appeal*); hay que ir caso a caso.** Si el acusado manifiesta que quiere apelar, es deber de su abogado presentar el escrito de apelación. La complicación es cuando el acusado no instruyó al abogado a presentar el escrito de apelación. Se dijo que el abogado debe cónsul[t]ar con el acusado sobre si quiere apelar en dos escenarios: (1) cuando objetivamente considerado, un acusado convicto querría apelar, o (2) había indicios de que el acusado tenía interés en apelar. Pero si expira el término para apelar, el acusado debe demostrar que a no ser por la omisión del abogado al no consultarle se hubiera presentado el escrito de apelación. Esto es la exigencia de perjuicio, conforme *Strickland*. (Negrillas suplidas). E.L. Chiesa Aponte, *Procedimiento criminal y la*

*Constitución: etapa adjudicativa*, San Juan,
Eds. Situm, 2018, pág. 273.

**B. La Regla 192.1 de Procedimiento Criminal**

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, autoriza que cualquier persona que se encuentre detenida en virtud de una sentencia condenatoria y que alegue tener un derecho a ser puesto en libertad presente una solicitud ante la sede del Tribunal de Primera Instancia que la impuso para que anule, deje sin efecto o corrija dicha sentencia cuando: (1) la sentencia es contraria a la ley o viola algún precepto constitucional; (2) la sentencia fue dictada sin jurisdicción; (3) la sentencia excede la pena prescrita por ley, o **(4) la sentencia está sujeta a ataque colateral por cualquier motivo**.

Hemos determinado que la Regla 192.1 de Procedimiento Criminal, *supra*, constituye el mecanismo procesal apropiado para que un convicto de delito plantee la alegada violación de su derecho a tener una representación legal adecuada en la etapa apelativa. Pueblo v. Ortiz Couvertier, *supra*, pág. 896. En el citado caso expresamos que la determinación del tribunal de instancia, **"luego de escuchar y admitir la prueba que al respecto sea presentada por las partes, *deb[ía] ser una fundada en prueba convincente y satisfactoria*"**. (Énfasis en el original y negrillas suplidas). Íd.

Cabe destacar, además, que el procedimiento dispuesto por la regla en cuestión es uno de naturaleza civil, separado

e independiente del procedimiento criminal cuya sentencia es impugnada. <u>Pueblo v. Román Mártir</u>, 169 DPR 809, 826 (2007). Por consiguiente, **"es el peticionario quien tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado"**. (Negrillas suplidas). <u>Íd.</u>

La moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, debe incluir todos los fundamentos que tenga el peticionario para solicitar el remedio que dispone esta regla, ya que -de ordinario- los fundamentos no incluidos se considerarán renunciados, "a menos que el tribunal, con base en un escrito subsiguiente, determine razonable que tales fundamentos no pudieron presentarse en la moción original". <u>Pueblo v. Pérez Adorno</u>, 178 DPR 946, 965 (2010). Además, una moción al amparo de esta regla puede ser presentada en cualquier momento después de dictada la sentencia, aun cuando ésta haya advenido final y firme. <u>Íd.</u>

Ahora bien, aunque a la Regla 192.1 de Procedimiento Criminal, *supra*, no le aplica la doctrina de incuria, **"el tribunal puede considerar la tardanza injustificada como un elemento para enjuiciar la buena fe y la credibilidad del promovente cuando se trata de una moción que envuelve una cuestión de hechos, y por la tardanza el [G]obierno no puede replicar adecuadamente"**. (Negrillas suplidas). <u>Pueblo v. Ortiz Couvertier</u>, *supra*, pág. 896 esc. 15 (citando a D. Rivé Rivera, *Recursos Extraordinarios, Programa de Educación Legal Continuada de la U.I.P.R.*, 1989, pág. 161). Esto es

cónsono con el principio de que un planteamiento sobre la falta de representación legal adecuada **no puede analizarse ni resolverse en el vacío**, sino que "[d]icho señalamiento tiene que, *necesariamente*, considerarse a la luz de la totalidad de los hechos, o circunstancias, del caso particular en ese momento ante la consideración del tribunal apelativo". (Énfasis en el original). Pueblo v. López Guzmán, *supra*, pág. 880 (citando a Baldwin v. Maggio, 704 F.2d 1325 (5to Cir. 1983)).

Por último, resulta meritorio destacar que las alegaciones inmeritorias, flacas, descarnadas y carentes de fundamento son insuficientes para que proceda conceder una moción en virtud de la Regla 192.1 de Procedimiento Criminal, *supra*. Véase Pueblo v. Román Mártir, *supra*. Por lo tanto, en los casos que no se cumple con el estándar de prueba requerido, procede que el tribunal deniegue la moción al amparo de la referida regla. Íd.

C. **La apreciación de la prueba**

Como sabemos, en nuestro ordenamiento jurídico no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en ausencia de pasión, prejuicio, parcialidad o **error manifiesto**. Santiago Ortiz v. Real Legacy *et al.*, 206 DPR 194, 219 (2021). De esta forma, "la llamada deferencia judicial está predicada en que los jueces de las salas de instancia están en mejor posición

para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". Íd., pág. 219; Meléndez Vega v. El Vocero de PR, 189 DPR 123, 142 (2013).

Por su parte, incurre en pasión, prejuicio o parcialidad "aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna". Dávila Nieves v. Meléndez Marín, 187 DPR 750, 782 (2013). De otro lado, hemos expresado que "se incurre en un error manifiesto cuando 'la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble'". (Énfasis suprimido). Pueblo v. Toro Martínez, 200 DPR 834, 859 (2018) (citando a Pueblo v. Irizarry, 156 DPR 780, 816 (2002)). Asimismo, hemos señalado que las conclusiones del tribunal se considerarán claramente erróneas si un análisis de la totalidad de la evidencia recibida revela que las conclusiones están en conflicto con el balance más racional, justiciero y jurídico. Dávila Nieves v. Meléndez Marín, *supra*, pág. 772. Véase, además, Méndez v. Morales, 142 DPR 26, 36 (1996).

En consecuencia, los tribunales apelativos están facultados para sustituir el criterio de los tribunales de instancia cuando, a la luz de la prueba admitida, **"no exista base suficiente que apoye su determinación"**. (Negrillas

suplidas). Gómez Márquez *et al*. v. El Oriental, 203 DPR 783, 794 (2020); Pueblo v. Toro Martínez, *supra*, pág. 859. Finalmente, cabe destacar que los tribunales revisores se encuentran en la misma posición que el foro recurrido para evaluar la prueba pericial o documental presentada en un caso y adoptar su propio criterio. González Hernández v. González Hernández, 181 DPR 746, 777 (2011).

## III

Conforme al marco jurídico esbozado, nos corresponde determinar si erró el Tribunal de Apelaciones al confirmar la determinación del Tribunal de Primera Instancia declarando *Ha Lugar* la moción presentada por el señor Hernández Doble al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, al concluir que se violó su derecho a una adecuada representación legal en la etapa apelativa. Luego de un análisis minucioso de la Regla 192.1 de Procedimiento Criminal, *supra*, la jurisprudencia interpretativa y la prueba presentada, adelantamos que sí. Veamos.

En esencia, el Procurador General afirma que el señor Hernández Doble no cumplió con el *quantum* de prueba requerido por nuestro ordenamiento en este tipo de reclamos. Ello, en vista de que este último se limitó a solicitar que se tomara conocimiento judicial sobre: (1) el recurso de apelación instado ante el Tribunal de Apelaciones; (2) la moción de desestimación presentada por el Procurador General ante el foro apelativo intermedio, y (3) la *Resolución* que

emitiera el Tribunal de Apelaciones desestimando el recurso por haber sido instado tardíamente.

Por su parte, el señor Hernández Doble destaca que, allá para el 2004, su representación legal presentó el recurso apelativo fuera del término jurisdiccional correspondiente. Según alega, surge fehacientemente del expediente que la única causa de la presentación tardía del recurso apelativo fue la equivocación de sus abogados respecto al término jurisdiccional aplicable. En apoyo a su reclamo, el recurrido sostiene que bajo ninguna circunstancia el abogado de un acusado podría presentar un recurso de apelación fuera del término jurisdiccional sin que ello constituya una representación legal inadecuada. No nos persuade el argumento del recurrido.

En el presente caso, no está en disputa que el recurso apelativo del señor Hernández Doble fue presentado tardíamente. De hecho, tanto el Procurador General como el señor Hernández Doble así lo reconocen en sus respectivos alegatos. Sin embargo, lo cierto es que este hecho -por sí solo- provee un cuadro fáctico incompleto de las circunstancias que el recurrido debió exponer para demostrar satisfactoriamente la existencia de una representación legal inadecuada.

Según mencionáramos, no se configura de forma automática una violación al derecho de tener una representación legal adecuada cuando no se presenta oportunamente una apelación. Es decir, los tribunales deben analizar rigurosamente el

planteamiento sobre la alegada representación legal inadecuada para determinar si: (1) el desempeño del representante legal fue deficiente por debajo de un parámetro objetivo de razonabilidad y (2) si ese desempeño deficiente le ocasionó un perjuicio al acusado. Es por esto que resulta necesario examinar una alegación de esta naturaleza dentro del contexto de los hechos y circunstancias de cada caso en particular.

Por otro lado, no podemos olvidar que existe una fuerte presunción de que la conducta del abogado defensor está comprendida dentro del amplio margen de lo que constituye una asistencia legal razonable. Ante esta presunción, quien alega la falta de una representación legal adecuada mediante una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, **tiene el peso de probar tal violación**. Al mismo tiempo, la determinación del tribunal de instancia deberá estar fundamentada en **prueba convincente y satisfactoria**.

En su dictamen, el Tribunal de Apelaciones le brindó deferencia a las determinaciones del Tribunal de Primera Instancia. De esta forma, concluyó que del expediente surgía, de forma satisfactoria, que el recurrido solicitó la apelación de la sentencia dictada en su contra y que el recurso no se presentó oportunamente por razones ajenas a éste. No obstante, según adelantáramos, los tribunales apelativos se encuentran en la misma posición que los foros

recurridos para evaluar la prueba documental y forjar su propio criterio.

Los hechos del presente caso son claramente distinguibles de <u>Pueblo v. Ortiz Couvertier</u>, *supra*.[9] Estamos ante un caso en el cual el recurrido se apoyó únicamente en la presentación tardía del recurso apelativo para demostrar que solicitó la apelación y que ésta no se presentó oportunamente por razones ajenas a su voluntad. De un examen cuidadoso de la única prueba presentada por el señor Hernández Doble no puede inferirse tal conclusión.

Luego de revisar minuciosamente el expediente de este caso y la grabación de la vista celebrada, no encontramos evidencia alguna que demuestre que el señor Hernández Doble manifestara expresamente su interés en apelar las sentencias impuestas. Tampoco surge en qué momento expresó dicho interés, a saber, si fue antes, poco antes o incluso después de vencer el término jurisdiccional aplicable. Finalmente, el recurrido tampoco expuso cuándo tuvo conocimiento de que no se había presentado en tiempo el recurso apelativo ni las razones para justificar la tardanza en alegar una representación legal inadecuada **después de catorce (14)**

---

[9]  En <u>Pueblo v. Ortiz Couvertier</u>, 132 DPR 883, 888 (1993), surgía del expediente que: durante el acto de imposición de sentencia se le informó verbalmente al tribunal de instancia de la intención del acusado de apelar; se solicitó una fianza en apelación; se presentó un escrito de apelación tardíamente; el señor Ortíz Couvertier se enteró del incumplimiento del abogado a *posteriori*; un año más tarde, el señor Ortíz Couvertier presentó varias mociones por derecho propio solicitando un remedio, y procuró otra representación legal.

**años**. Sencillamente, este tipo de reclamos no puede examinarse ni resolverse en el vacío.

Si bien una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede presentarse en cualquier momento, lo cierto es que **los tribunales pueden considerar la tardanza injustificada como un elemento relevante para enjuiciar la buena fe y la credibilidad del promovente**. Lo anterior cobra mayor relevancia dentro del contexto de la solicitud de un remedio de **naturaleza excepcional** bajo la Regla 192.1 de Procedimiento Criminal, *supra*. A fin de cuentas, "[n]o podemos perder de perspectiva que el proceso de impartir justicia incluye la debida protección del *principio de finalidad de los procedimientos penales*". (Énfasis en el original). Pueblo v. Román Mártir, *supra*, pág. 827.

En conclusión, a la luz de los principios jurídicos esbozados, determinamos que la prueba de la presentación tardía de un recurso apelativo, por sí sola, resulta insuficiente para cumplir con el estándar aplicable en los casos de alegada representación legal inadecuada en la etapa apelativa. **Resolver lo contrario implicaría prescindir de los términos jurisdiccionales en todos los casos criminales en los que se presente un recurso apelativo tardíamente, sin considerar los hechos y circunstancias de cada caso en particular**. El recurrido debió apoyar su reclamo con datos y argumentos concretos para demostrar, mediante prueba convincente y satisfactoria, que tenía derecho al remedio

solicitado. Por lo tanto, concluimos que el Tribunal de Apelaciones erró en su determinación confirmando el proceder del Tribunal de Primera Instancia, pues el resultado alcanzado conflige con el balance más racional de la totalidad de la evidencia recibida.

**IV.**

Por los fundamentos antes expuestos, se revocan los dictámenes del Tribunal de Apelaciones y del Tribunal de Primera Instancia, y se deniega la solicitud del Sr. Félix M. Hernández Doble.

Se dictará Sentencia en conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Félix M. Hernández Doble<br><br>Recurrido | CC-2021-140 | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, revocamos la Sentencia del Tribunal de Apelaciones emitida el 27 de enero de 2021 y la Resolución emitida por el Tribunal de Primera Instancia el 31 de julio de 2020. En consecuencia, se deniega la *Moción al amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Sr. Félix M. Hernández Doble.

Lo acordó el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una opinión disidente, a la cual se unieron la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

Bettina Zeno González
Subsecretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Félix M. Hernández Doble<br><br>Recurrido | CC-2021-0140 | <u>Certiorari</u> |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, a la cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

La determinación que hoy emite este Tribunal inflige un golpe demoledor a una de las pocas herramientas a la disposición de la comunidad confinada para hacer valer sus derechos y cuestionar la validez de las sentencias que pesan en su contra. Mediante la implementación de un análisis rígido y descontextualizado, este Tribunal delimita severamente el alcance de la Regla 192.1 de Procedimiento Criminal, <u>infra</u>, en casos de representación legal inadecuada en la etapa apelativa. Esto, no solo a través de la valoración desproporcional de factores de tiempo que no forman parte del texto reglamentario, sino también al obviar el cumplimiento con el estándar de prueba a través de la documentación que obra en el expediente.

Lo que es peor, se usa de trasfondo un caso que, según lo demuestra el expediente, en nada se diferencia de la jurisprudencia federal y estatal que establece la procedencia del remedio de resentencia cuando se ha manifestado una deficiencia patente en el trámite apelativo por parte de la representación legal del acusado o acusada. Sin embargo, hoy la prueba clara que surge del expediente se descarta en aras de favorecer una interpretación inflexible de los requisitos. Tal situación no solo acarrea consecuencias nefastas sobre este caso, sino que también incidirá negativamente sobre los reclamos válidos similares de otros miembros de la población confinada.

Por entender que los foros recurridos no erraron en su apreciación de la prueba o en la aplicación del Derecho, disiento. A continuación, consigno las bases fácticas y legales que fundamentan mi postura.

**I**

En el 2004, el Sr. Félix M. Hernández Doble (señor Hernández Doble) fue hallado culpable por la mayoría de un jurado en varios cargos y sentenciado a una pena extensa de reclusión. La entonces representación legal del señor Hernández Doble cuestionó los veredictos ante el foro apelativo intermedio. Sin embargo, el recurso de apelación se presentó de forma tardía y, en consecuencia, fue desestimado.

El 11 de septiembre de 2018, el señor Hernández Doble instó un escrito por derecho propio intitulado Moción al

amparo de la Regla 192.1 R.P.C.. En lo pertinente, relató que, a pesar de que solicitó oportunamente a sus representantes legales que apelaran sus sentencias, el recurso a tales fines fue desestimado por presentarse fuera del término jurisdiccional. Argumentó que ello lo dejó en un estado de indefensión que soslayó su derecho a la asistencia legal adecuada y lo despojó de su derecho a apelar su sentencia.

Inicialmente, el Tribunal de Primera Instancia denegó la solicitud sin mayor explicación. Inconforme, el señor Hernández Doble acudió ante el Tribunal de Apelaciones. Posteriormente, el foro apelativo intermedio dictó una Sentencia en la cual ordenó al foro de instancia a celebrar una vista para atender adecuadamente la solicitud del señor Hernández Doble.

Después de celebrada la vista el 6 de febrero de 2020, el Tribunal de Primera Instancia emitió una Resolución. En lo que nos concierne, el foro primario ordenó que el señor Hernández Doble fuera resentenciado con el fin de reactivar el término para presentar una apelación. Esto, tras concluir que su debido proceso de ley fue violentado por una representación legal inadecuada.

El Estado instó una Moción solicitando reconsideración. En lo que atañe a la controversia ante nuestra consideración, este arguyó que el señor Hernández Doble no presentó prueba fundada, convincente y satisfactoria de que la representación legal fue inadecuada más allá de la presentación tardía del

recurso apelativo. En particular, indicó que este no desfiló prueba alguna del perjuicio ocasionado, su interés oportuno en apelar, su conocimiento de la tardanza y las razones para esta.

Sin embargo, el Tribunal de Primera Instancia denegó la solicitud del Estado mediante una Resolución en la cual señaló lo siguiente:

> Del expediente del caso de autos, surge que la representación legal del señor Hernández Doble intentó apelar la Sentencia dictada en su contra, pero dicho recurso se desestimó por tardío. De esto se desprende que **el señor Hernández Doble solicitó que la sentencia dictada en su contra se apelara y que su representación legal falló en hacerlo oportunamente. Estos hechos surgen claramente del expediente de autos y constituyen evidencia satisfactoria sobre este asunto.** […] La acción de la representación legal del señor Hernández Doble, de no presentar el escrito de apelación dentro del término provisto para ello, fue una del todo inadecuada. […]
>
> Cabe señalar, además, que aunque el cliente es quien determina si una sentencia se debe apelar, es su representación legal la que tiene un deber de orientarle al respecto de defender los intereses del cliente de forma diligente. Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX. De este modo, no es posible concluir que la presentación tardía del recurso de apelación se debió a que el señor Hernández Doble lo solicitó a sus abogados fuera de término, como sugirió el Ministerio Público.[1]

---

[1] (Negrillas suplidas). Apéndice de certiorari, pág. 128.

En desacuerdo, el Estado presentó una petición de certiorari ante el foro apelativo intermedio. Alegó que el Tribunal de Primera Instancia fundamentó su determinación en el solo hecho de que el recurso de apelación se presentó tardíamente, lo cual no demostró por sí solo que la representación legal fue inadecuada. Añadió que el señor Hernández Doble no ofreció prueba satisfactoria y convincente de cómo y cuándo solicitó la apelación, y si este tenía conocimiento de que la apelación se presentó fuera del término jurisdiccional. Finalmente, resaltó la cantidad de tiempo que transcurrió entre la desestimación del recurso apelativo y la solicitud en cuestión.

En su Sentencia, el Tribunal de Apelaciones rechazó la contención del Estado e indicó que del expediente surgía el interés que tuvo el señor Hernández Doble en que su sentencia fuera apelada. Señaló que, a pesar de su solicitud, el recurso apelativo no fue presentado a tiempo injustificadamente a causa de una representación legal ineficaz e inadecuada que lo despojó de la oportunidad para cuestionar su condena. De esta forma, concluyó que el Tribunal de Primera Instancia no erró en su apreciación.

Todavía disconforme, el Estado argumenta en su comparecencia ante este Tribunal que los foros recurridos no consideraron la cantidad de tiempo que le tomó al señor Hernández Doble presentar su argumento de representación legal inadecuada, como tampoco la falta de prueba satisfactoria al respecto. Reitera que no se demostró que la

tardanza en la presentación del recurso apelativo se debió exclusivamente a los actos negligentes de sus abogados.

Por su parte, el señor Hernández Doble sostiene que la razón para la presentación tardía del recurso es clara: una confusión por parte de su anterior representación legal con respecto al punto de partida del término para apelar. Señala que tal error violó de forma manifiesta su derecho a una representación legal adecuada, como también su derecho a apelar su condena, razón por la que ha pasado casi dos (2) décadas en confinamiento sin poder cuestionar sus condenas.

Expuesto el cuadro fáctico que enmarca esta controversia, procedo a discutir el Derecho aplicable.

**II**

**A.**

La Sexta Enmienda de la Constitución de los Estados Unidos establece que "[i]n all criminal prosecutions, the accused shall enjoy the right […] to have the Assistance of Counsel for his defense".[2] Por su parte, la Constitución de Puerto Rico también dispone que el acusado disfrutará del derecho a tener asistencia de abogado en todos los procesos criminales.[3] De forma similar, la asistencia de abogado forma parte de las garantías cobijadas por la protección

---

[2] U.S. Const. Amend. VI.

[3] Const. PR. Art II, sec. 11.

constitucional al debido proceso de ley.[4] Como puede apreciarse, tal derecho constituye uno de los pilares más preciados de nuestro sistema de justicia.

Naturalmente, esta garantía exige un mínimo de competencia, calidad y desempeño por parte de los miembros de la profesión legal.[5] Por tal razón, una violación al derecho de asistencia legal adecuada puede conllevar la revocación de la sentencia y la celebración de un nuevo juicio.[6] Asimismo, como en este caso, también puede conllevar una resentencia.[7]

No obstante, un reclamo exitoso a tales fines debe cumplir con ciertos requisitos. Al respecto, la Corte Suprema de los Estados Unidos ha establecido con especificidad los factores para prevalecer con un planteamiento de representación legal inadecuada:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

---

[4]Véase, Powell v. Alabama, 287 US 45 (1932); Pueblo v. Rivera, 167 DPR 812 (2006); Pueblo v. Moreno González, 115 DPR 298 (1984).

[5]Strickland v. Washington, 466 US 668 (1984); Pueblo v. Rivera Montalvo, 205 DPR 352, 369 (2020); E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. I, Sec. 7.9, pág. 552.

[6]Pueblo v. Fernández Simono, 140 DPR 514, 518 (1996).

[7]Pueblo v. Ortiz Couvertier, infra.

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[8]

**Dicho de otro modo, quien presenta el reclamo debe demostrar, en primer lugar, que el desempeño de la representación legal fue deficiente bajo un parámetro objetivo de razonabilidad y, en segundo lugar, que tal desempeño le causó perjuicio.**[9]

A nivel local, este Tribunal también ha indicado que el derecho a tener una representación legal efectiva o adecuada pueda quedar menoscabado cuando:

a) el abogado es incompetente para la tarea que se asigna,

b) como cuestión de hecho la labor desplegada demuestra su inefectividad,

c) hay un potencial o actual conflicto de intereses para el abogado,

d) las reglas o actuaciones del tribunal constituyen una limitación irrazonable al derecho a tener adecuada asistencia de abogado.[10]

Con ello en mente, este Foro ha determinado que la alegación de falta de defensa efectiva debe demostrar que,

---

[8]Strickland v. Washington, supra, pág. 687.

[9]Íd., págs. 686-695.

[10]Pueblo v. Ortiz Couvertier, 132 DPR 883, 888 (1993) (citando a E.L. Chiesa, op. cit., págs. 449-550).

de no haberse producido el perjuicio que causó la conducta errónea del abogado, el juzgador hubiera podido arribar a una conclusión distinta. Así, al momento de evaluar un reclamo a estos fines, el tribunal debe presumir que la conducta de la representación legal se encuentra dentro de un ámbito amplio de razonabilidad, por lo que corresponde a quien reclama derrotar tal presunción. En fin, "[e]l criterio final para adjudicar una reclamación de falta de efectividad en la defensa debe ser si la actuación del abogado de tal modo vulneró del adecuado funcionamiento del sistema adversativo que no pueda decirse que el juicio tuvo un resultado justo".[11]

De otra parte, el planteamiento de una representación legal inadecuada no puede analizarse ni resolverse en el vacío. Al contrario, los tribunales están obligados a considerar la totalidad de los hechos o circunstancias de cada caso.[12]

En lo pertinente a la controversia ante nuestra consideración, el derecho a tener una representación legal efectiva se extiende también a la fase apelativa. El Tribunal Supremo federal ha resuelto que la Decimocuarta Enmienda de la Constitución de los Estados Unidos garantiza a todo acusado el derecho a tener una representación legal en su

---

[11]Pueblo v. Morales Suárez, 117 DPR 497, 502-502 (1986).

[12]Pueblo v. López Guzmán, 131 DPR 867, 880 (1992).

primera apelación.[13] Y no puede ser de otra forma, pues "[l]a representación legal, en la etapa apelativa, es de particular importancia ya que esta etapa del procedimiento penal es la única -y posiblemente última— oportunidad que tiene el acusado para demostrar que su convicción es una contraria a derecho".[14] En fin, debido a la complejidad y naturaleza adversativa de la apelación, es necesaria la ayuda de un abogado o abogada.[15]

Al respecto, este Tribunal ha establecido que el derecho a una representación legal adecuada en la etapa apelativa se infringe cuando un abogado o abogada: **(1)** presenta el escrito fuera del término jurisdiccional provisto a pesar de haber sido instruido expresamente por el acusado o acusada a que apelara la sentencia que le fue impuesta, o **(2)** cuando dicho abogado incurre en cualquier otra acción u omisión que efectivamente prive a la persona acusada de una representación legal en la etapa apelativa.[16] A estos fines, el peso de la prueba para demostrar que no tuvo una representación legal adecuada recae sobre la persona imputada. Esto requiere presentación de prueba satisfactoria.[17]

---

[13]Douglas v. California, 372 US 353 (1962).

[14]Pueblo v. Ortiz Couvertier, supra, pág. 889.

[15]Íd.

[16]Íd., pág. 892.

[17]Íd., pág. 893.

**B.**

Nuestro ordenamiento jurídico confiere a una persona a quien le fue infringido su derecho constitucional a una representación legal adecuada la facultad de solicitar al tribunal un remedio al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II. Tal disposición establece un procedimiento mediante el cual cualquier persona recluida en virtud de una sentencia puede cuestionar la validez de su confinamiento.[18] En lo pertinente, la regla antes citada dispone que:

> Cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque:
>
> (1) La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o
>
> (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o
>
> (3) la sentencia impuesta excede de la pena prescrita por la ley, o
>
> (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.
>
> **La moción para dichos fines podrá ser presentada en cualquier momento.** En la

---

[18] Íd., pág. 894.

moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.[19]

Está firmemente establecido que la regla precitada es el vehículo procesal apropiado para resentenciar a un acusado o acusada que no tuvo una representación legal adecuada durante la etapa apelativa.[20] A estos efectos, este Tribunal ha resuelto que la Regla 192.1 de Procedimiento Criminal, supra:

[C]onstituye un mecanismo procesal apropiado para que un convicto de delito en nuestra jurisdicción plantee la alegada privación de su derecho a tener una adecuada representación legal en la etapa apelativa. La determinación que en relación con la misma haga el foro de instancia, luego de escuchar y admitir la prueba que al respecto sea presentada por las partes, deberá ser una fundada en prueba convincente y satisfactoria.[21]

Conforme se señaló, una moción al amparo de esta disposición puede presentarse **en cualquier momento**.[22]

_____

[19](Negrillas suplidas). Es necesario señalar que el Proyecto de Reglas de Procedimiento Criminal (Revisado - 2020) dispone en su Regla 718 propuesta, en esencia, lo mismo que la actual Regla 192.1 de Procedimiento Criminal, supra.

[20]Pueblo v. Ortiz Couvertier, supra.

[21]Íd., pág. 896.

[22]Pueblo v. Rivera Montalvo, supra; D. Nevares Muñiz, Sumario de derecho procesal penal puertorriqueño, 2014, pág. 232. En sus comentarios para la regla 718 del Proyecto de

Entiéndase, la regla no establece plazo alguno para solicitar el remedio que ofrece ni impone factor alguno de tiempo a ser considerado para su aplicación efectiva. Si la moción de su faz no demuestra que la persona tiene derecho a remedio alguno, será declarada sin lugar.[23] Mas, una vez se cumpla con los requerimientos de esta regla, el foro de instancia está obligado a celebrar una vista evidenciaria.[24]

### III

Según se indicó, el Estado sostiene que los foros recurridos incidieron al conceder una resentencia de forma "automática" por representación legal inadecuada a nivel apelativo sin prueba satisfactoria al respecto y sin considerar el lapso transcurrido desde entonces.[25] Afirma que validar tal determinación vulneraría la finalidad de las sentencias en nuestro sistema criminal, en especial cuando persiste una ausencia marcada de prueba sobre las razones para la presentación tardía del recurso, el interés del señor Hernández Doble en la apelación, su conocimiento de la desestimación y el perjuicio que esta le causó.

---

Reglas de Procedimiento Criminal (Revisado – 2020), la Profesora Nevares Muñiz enfatizó que "[l]a moción en cuestión puede ser presentada ante el tribunal sentenciador en cualquier momento, después de dictada la sentencia, incluso cuando esta haya advenido final y firme". Informe de Reglas de Procedimiento Criminal, 508 (2018).

[23]Pueblo v. Román Mártir, 169 DPR 809 (2007).

[24]Pueblo v. Rivera Montalvo, supra.

[25]Alegato del Pueblo de Puerto Rico, pág. 1.

Por otro lado, el señor Hernández Doble rechaza que nos encontremos ante una controversia novel u óptima para generar jurisprudencia, pues esta se reduce meramente a la suficiencia de evidencia para generar un remedio de resentencia. A tales fines, resalta que el expediente revela que un error jurídico de su antigua representación legal le privó de su derecho a apelar y le ha forzado a permanecer por década y media en prisión sin poder cuestionar sus condenas. Manifiesta, además, que el énfasis que pretende conferírsele a la cantidad de tiempo que le tomó presentar el reclamo de representación legal inadecuada es incompatible con el espíritu y las disposiciones de la Regla 192.1 de Procedimiento Criminal, supra. A mi juicio, al señor Hernández Doble le asiste la razón.

Conforme se explicó, el estándar de análisis establecido por el Tribunal Supremo federal para determinar si la asistencia legal fue inefectiva requiere la consideración de dos (2) factores: (1) que la representación legal esté por debajo de un estándar objetivo de razonabilidad, y (2) que tal deficiencia cause perjuicio al representado o representada. Ya desde Roe v. Flores-Ortega, 528 US 470, 477 (2000), este análisis es también el adecuado para determinar si la representación legal fue inefectiva constitucionalmente por fallar en presentar una apelación oportuna.

En cuanto al primer factor, en Pueblo v. Ortiz Couvertier, supra, pág. 890, este Tribunal determinó que "[l]a acción del abogado del acusado peticionario, al no presentar

el escrito de apelación en tiempo, fue una del todo inefectiva e inadecuada". Es decir, que ya está claramente establecido que no presentar un recurso apelativo oportuno es una práctica legal que se encuentra por debajo de cualquier estándar de razonabilidad.

En lo que respecta al segundo factor, el perjuicio que tal ineficiencia en la representación legal le causó al señor Hernández Doble es patente e incuestionable. Como bien argumentó su representación legal actual en la vista del 6 de febrero de 2020, la consecuencia directa de tal deficiencia fue la violación a un debido proceso de ley garantizado constitucionalmente mediante la obstrucción al ejercicio de su derecho a exigir que el foro apelativo considerara los errores de hecho y derecho que se cometieron en su caso.[26] El producto de tal violación es que el señor Hernández Doble ha permanecido casi dos (2) décadas tras las rejas sin la oportunidad de presentar sus reclamos válidos ante foro judicial alguno.

A pesar de la nitidez de la conclusión a la que conduce el análisis exigido en este tipo de caso, el Estado argumenta, y así lo reproduce el dictamen mayoritario, que no existe evidencia suficiente de las circunstancias específicas en las que se produjo tal deficiencia para que pueda determinarse que, en efecto, se violó el derecho del señor Hernández Doble a una representación legal competente. Tal argumento descansa

---

[26]Grabación de vista de 6 de febrero de 2020 a la hora 11:16:16.

principalmente en tres (3) interrogantes que, según se alega, todavía persisten e inciden sobre la procedencia del remedio concedido, a saber: (1) el interés del señor Hernández Doble en apelar; (2) la razón para la presentación tardía del recurso, y (3) si este conocía de la tardanza y el efecto que ello tuvo en la moción que presentó catorce (14) años después de la imposición de las sentencias.

Adelanto que las respuestas a todas estas preguntas, contrario a lo que indican tanto el Estado como la Opinión mayoritaria[27], se encuentran en el expediente. De hecho, consciente de ello, durante la vista de la Regla 192.1 de Procedimiento Criminal, supra, la representación legal actual del señor Hernández Doble solicitó que se tomara conocimiento judicial de los documentos en el expediente.[28] Asimismo, esta descartó que fuese necesario citar a los miembros de la antigua representación legal, según argumentó el Estado, para alcanzar el estándar de prueba requerido porque de los documentos en el récord[29] y todos aquellos que obran en el

---

[27]Opinión mayoritaria, pág. 19. "Luego de revisar minuciosamente el expediente de este caso y la grabación de la vista celebrada, no encontramos evidencia alguna que demuestre que el señor Hernández Doble manifestara expresamente su interés en apelar las sentencias impuestas. Tampoco surge en qué momento expresó dicho interés, a saber, si fue antes, poco antes o incluso después de vencer el término jurisdiccional aplicable".

[28]Grabación de la vista de 6 de febrero de 2020 a la hora 11:12:17.

[29]Grabación de la vista de 6 de febrero de 2020 a la hora 12:02:35.

expediente judicial[30] se desprendía la violación al derecho de una representación legal adecuada en la etapa apelativa. Es decir, que la documentación en el expediente es y siempre ha sido la fuente de la prueba satisfactoria que demuestra sin ambigüedades cuán inadecuada fue la representación legal antigua del señor Hernández Doble en la etapa apelativa.

Ahora bien, con respecto a la primera interrogante, el expediente demuestra, no solo el interés en la apelación y su petición a tales fines, sino también el momento exacto en el que el señor Hernández Doble solicitó la apelación de sus sentencias. En su Moción al amparo de la Regla 192.1 R.P.C., la cual presentó por derecho propio, el señor Hernández Doble indicó que: "**[l]uego de recibir su veredicto de culpabilidad, el Convicto-peticionario, le solicitó a sus abogados de defensa; Lcda. Luz M. Ríos y Lcdo. Pedro Vidal Ríos, que le radicaran su recurso de apelación**".[31]

A todas luces, tal manifestación deja claro, en primer lugar, que el señor Hernández Doble tenía interés en apelar sus sentencias y, en segundo lugar, que así lo solicitó a sus abogados. Lo que es más, también surge el momento exacto en el que lo hizo, el cual se ubica lógicamente dentro del término jurisdiccional para apelar pues fue al momento de recibir su veredicto. Esta aserción por parte del señor Hernández Doble despeja todo cuestionamiento sobre el rol que

---

[30]Grabación de la vista de 6 de febrero de 2020 a la hora 12:06:00.

[31](Negrillas suplidas). Apéndice de certiorari, pág. 54.

este tuvo en el inicio del proceso apelativo y en la tardanza en la presentación del recurso.

En segundo término, con respecto a la justificación específica para la tardanza, el expediente, nuevamente, provee una respuesta. De hecho, en su sentencia desestimatoria, el Tribunal de Apelaciones delineó acertadamente la razón para la presentación tardía. Conforme lo detalló el foro apelativo intermedio en la Sentencia del 29 de septiembre de 2004, la representación legal del señor Hernández Doble consignó en su recurso del **9 de julio de 2004** que las sentencias a apelar fueron dictadas el 8 de abril de 2004 pero **notificadas el 9 de junio de 2004**, es decir, treinta (30) días antes de la presentación del recurso. En otras palabras, el Tribunal de Apelaciones identificó inmediatamente la conexión entre la fecha en la que fueron notificadas las sentencias, según indicada por la representación legal del señor Hernández Doble, y la fecha de la presentación del recurso y, de esta forma, precisó la razón de la tardanza. Acto seguido, desestimó el recurso, mas no sin antes explicar que el término para apelar en procedimientos criminales comienza a transcurrir cuando se dicta la sentencia en corte abierta, no al notificarse.[32] Como puede verse, contrario a lo que plantea el Estado, la razón de la presentación tardía del recurso y, por ende, la

---

[32]Íd., pág. 48.

representación legal inadecuada e inefectiva no es un gran misterio.

Sin embargo, ello no solo surge del propio razonamiento simple del Tribunal de Apelaciones, sino que esta explicación fue confirmada por la antigua representación legal del señor Hernández Doble. Según se desprende de la Moción de reconsideración presentada ante el Tribunal de Apelaciones el 13 de octubre de 2004 tras la desestimación de la apelación, la antigua representación legal del señor Hernández arguyó que los términos comienzan a transcurrir a partir de una notificación adecuada:

> [H]asta que no se notifica adecuadamente a las partes una resolución, orden o sentencia, esta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar. Adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. Difícilmente se le puede exigir a una parte que actúe con diligencia y de acuerdo con el estado procesal del caso, si esta lo desconoce por no habérsele notificado el mismo.
>
> La notificación es parte integral de la actuación judicial, por lo tanto, para que una resolución u orden surta efecto, esta tiene que ser, no solamente emitida por un Tribunal con jurisdicción, sino también notificada a las partes, ya que es a partir de la notificación que comienzan a decursar los términos establecidos en la misma y la determinación afectará el estado procesal del caso.[33]

Aunque sabemos que se trata de una interpretación errónea del Derecho, ello es irrelevante para los propósitos de este caso. La importancia de este documento yace en que este

---

[33]Apéndice de Escrito en oposición a expedición de certiorari, págs. 2-3.

establece de forma incontrovertible la razón para la presentación tardía del recurso y demuestra que ello se debió exclusivamente a un error de la antigua representación legal del señor Hernández Doble. **Es decir, queda comprobado que la presentación tardía se debió a razones ajenas a la voluntad del señor Hernández Doble.** De hecho, aun si el Estado estuviera correcto en su aserción de que no se demostró la justificación para la tardanza en la presentación del recurso, este Tribunal remarcó en Pueblo v. Ortiz Couvertier, supra, pág. 890, que, aunque del expediente no surgía explicación para la demora en la presentación del recurso de apelación, sí se desprendía del expediente el interés del acusado en apelar su caso, razón por la cual concedió el remedio solicitado.

En definitiva, contrario a lo que argumenta el Estado y así acoge este Tribunal, los foros recurridos no erraron al concluir que del expediente surgía el interés del señor Hernández Doble en apelar y que la tardanza que provocó la desestimación del recurso es consecuencia de una representación legal inadecuada.

A la luz de lo anterior, el señor Hernández Doble tiene la absoluta razón al indicar que este no es un caso de particular complejidad o que sirva de plataforma para expandir la jurisprudencia en este tema. Por el contrario, Pueblo v. Ortiz Couvertier, supra, presenta un plano inequívoco del Derecho que aplica en este caso y la procedencia del remedio

de resentencia. **Las similitudes entre tal caso y el que tenemos hoy ante nuestra consideración son más que evidentes**.

No obstante, tanto el Estado como la mayoría de los miembros de este Foro ponen particular énfasis en el tiempo que tardó el señor Hernández Doble en presentar el reclamo de representación legal inadecuada y cómo ello correlaciona con el momento en que supo de la presentación tardía del recurso. Estimo que para arrojar luz a tal inquietud basta con examinar cierta expresión del señor Hernández Doble en su Moción al amparo de la Regla 192.1 R.P.C.. En tal escrito, el señor Hernández Doble explicó que, durante los casi quince (15) años de confinamiento previo, había estado estudiando exhaustivamente su caso y el Derecho aplicable hasta arribar a la conclusión de que se habían manifestado varias violaciones a su debido proceso de ley durante el procedimiento criminal que se llevó a cabo en su contra.[34]

La razón por la que tal explicación me parece suficiente es sencilla: no solo es lógico y razonable que un confinado, sin ayuda legal alguna, tarde en investigar y articular un reclamo de esta naturaleza, sino que, conforme se estableció anteriormente, **el transcurso de cantidad alguna de tiempo es inmaterial al momento de adjudicar una solicitud al amparo de la Regla 192.1 de Procedimiento Criminal**, supra.

Por tal razón, objeto vehementemente cualquier pretensión de sujetar la concesión justificada de un remedio

---

[34]Apéndice de certiorari, pág. 49.

a un factor inexistente en la propia reglamentación. Mas, eso fue, precisamente, lo que pidió el Estado y lo que este Tribunal concedió con sutileza semántica. Todo bajo el pretexto de salvaguardar la precisión de los términos jurisdiccionales y la finalidad de los procedimientos criminales.

Lo que es peor, el afán desmedido del Estado en solicitar tales protecciones no es más que una invitación a ignorar posibles violaciones a los derechos de acusados y acusadas. Una y otra vez, mediante el empleo de hipérboles fatalistas, el Estado argumenta que permitir el cuestionamiento bajo la Regla 192.1 de Procedimiento Criminal, _supra_, después de "un infinito periodo de tiempo" haría de los términos jurisdiccionales un "espejismo", pues le conferiría al miembro de la comunidad confinada el poder para "revivir su apelación en cualquier momento".[35] Con esta línea argumentativa histriónica, el Estado nos exhorta a que protejamos el teatro de la justicia por encima de su verdadera aspiración: la protección de los derechos que cobijan a aquellos que son sometidos a un procedimiento criminal.

Con un caso ordinario como el del señor Hernández Doble como vehículo y un argumento de insuficiencia de la prueba como punta de lanza, la petición del Estado, la cual este Tribunal sutilmente acoge, es que se rechace que un confinado presente un reclamo de representación legal inadecuada

---

[35]_Alegato del Pueblo de Puerto Rico_, págs. 2-3.

después de cierta cantidad de años.[36] Esto, a pesar de que nada en nuestro ordenamiento lo proscribe y nada en la Regla 192.1 de Procedimiento Criminal, supra, condiciona a ello su valor o efectividad. Al aceptar esta línea argumentativa, lo que resonará en los foros de instancia es que debe hacerse caso omiso a las violaciones evidentes de derechos de una comunidad vulnerable sin los recursos adecuados para defenderse meramente porque el transcurso del tiempo le es inconveniente al Estado.[37]

Desde mi óptica, la determinación que este Tribunal emite hoy debilita la extensión y la asequibilidad del remedio que provee la Regla 192.1 de Procedimiento Criminal, supra. Al descartar las verdades que emanan del expediente y entablar nuevas consideraciones de tiempo a una regla que especifica categóricamente su uso en cualquier momento, este Tribunal limita el potencial y el espíritu de la Regla 192.1 de Procedimiento Criminal, supra. No puedo avalar tal derrotero.

---

[36] Íd., pág. 15.

[37] No pasa desapercibido que la inconveniencia que pretende evadir el Estado, por su propia admisión, es que la consecuencia directa de la resentencia sería la reactivación de los términos apelativos y, con ello, el renacimiento del derecho del señor Hernández Doble a solicitar un nuevo juicio por razón de que los veredictos de culpabilidad emitidos en su contra en cada uno de los delitos que le fueron imputados fueron por mayoría (10-2) y no unánimes. Es decir, el Estado quiere negar al señor Hernández Doble la oportunidad de reclamar una violación adicional a sus derechos constitucionales porque se le dificultaría procesarle criminalmente nuevamente. Véase, Alegato del Pueblo de Puerto Rico, págs. 3 y 13.

**IV**

Por los fundamentos antes expresados, disiento del proceder mayoritario. En cambio, no hubiera intervenido con los dictámenes emitidos por los foros recurridos toda vez que no erraron en su apreciación de la prueba o en la aplicación del Derecho.


                                    Luis F. Estrella Martínez
                                         Juez Asociado